UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GWENDOLYN CARSWELL, individually and as dependent administrator of, and on behalf of, the ESTATE OF GARY VALDEZ LYNCH, III, and GARY VALDEZ LYNCH, III'S heirs-at-law,<br><br>Plaintiff,<br><br>v.<br><br>HUNT COUNTY, TEXAS; GEORGE A. CAMP; JANA R. CAMPBELL; HELEN M. LANDERS; KENNETH R. MARRIOTT; KOLBEE A. PERDUE; TERI J. ROBINSON; VI N. WELLS; and SCOTTY D. YORK,<br><br>Defendants. | §§§§§§§§§§§§§§§§§§§<br><br>CIVIL ACTION NO. 3:20-cv-02935-N<br><br>JURY DEMANDED |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION (DOC. 51) FOR PROTECTIVE ORDER, TO QUASH, AND TO STAY ALL DISCOVERY AND ALL PROCEEDINGS**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendants' arguments for their Motion for Protective Order, To Quash, and To Stay All Discovery and All Proceedings are predicated upon their implication that even the Court cannot possibly unravel the intricate procedural tapestry Defendants imagine this case to be. Due process demands that such an implication not go unexamined simply for convenience's sake.

The Court has already, in its Scheduling Order – Qualified Immunity (Doc. 31) abated substantially all discovery as to Defendants asserting qualified immunity ("AQI Defendants"[1]),

---

[1] While an awkward acronym, "AQI Defendants" encompasses every Defendant in this matter excepting Hunt County, the governmental entity not entitled to qualified immunity. Plaintiff does not concede that any Defendant in this matter is entitled to qualified immunity.

and Plaintiff does not here contest that abatement. Indeed, Plaintiff has filed a motion to abate the remaining portions of the scheduling order pertaining to the AQI Defendants or impacted by their appeal. Consequently, the parties dispute actually centers on whether Hunt County, a defendant with no qualified immunity defense available and no appeal, should also be subject to a discovery stay. Such a stay is unnecessary and unjustified.

I.     **Hunt County: No Qualified Immunity; No Stay Inherent in its Motion to Dismiss.**

Municipalities and other government entities, unlike various government officials, do not enjoy absolute or qualified immunity from suit under Section 1983.[2] Hunt County should not be permitted to benefit from *the mere possibility* that qualified immunity may apply to one or more of the other Defendants because the happenstance of pleading rules require that all defendants be joined despite their not having common defenses or immunities. Defendants argue against "piecemeal" discovery as though effectuating discovery against multiple defendants in any complex litigation does not already carry procedural complications tracked and managed by competent counsel and jurists when a) the Court has already crafted an order that clearly defines the limits of discovery in this case and b) Hunt County has no reasonable claim, independent of other Defendants' assertions of qualified immunity, to a discovery stay.

Hunt County itself has a motion to dismiss pending, and Defendants make their arguments for a stay of discovery against Hunt County in part upon a claim that "[a] court may similarly stay discovery until the plaintiff states a cognizable claim."[3] Plaintiff does not dispute that the Court has discretion to manage this litigation up to and including the process of discovery. Plaintiff has stated a cognizable claim and believes the Court has already done so in its scheduling order in line

---

[2] *Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 166 (1993).
[3] Defs.' Mot. For Protective Order, to Quash, and to Stay All Disc. and All Proceedings (Doc. 51) at 8-9.

with the law and the needs of the case pursuant to the requirements that such orders be for "good cause." Fed. R. Civ. P. 26(c).

A stay of discovery based on a pending motion to dismiss is "by no means automatic"[4] and is "the exception rather than the rule."[5]  "Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect.  In fact, such a notion is *directly at odds with the need for expeditious resolution of litigation*."[6]  (Emphasis added.)  It is now so routine as to be *pro forma* that Section 1983 defendants move to dismiss cases pursuant to Rule 12(b)(6), and so common that one imagines the entire plaintiff's bar has completely lost the power to string sentences together, much less successfully allege *Monell* liability.  To hang discovery stays on pending motions to dismiss would mean a delay of the pursuit of the truth in every case in which a motion to dismiss is filed, and would surely encourage (rather than dissuade, as is needed) the continued filing of perfunctory motions to dismiss.[7]  Absent their arguments concerning resolution of the qualified immunity issue, which have already been successfully scythed from the debate by the specific instructions of the Court's scheduling order, Defendants do not have good cause for staying discovery as to Hunt County.  Were there no AQI Defendants in this matter, discovery against Hunt County would be proceeding apace and that is the correct analysis, especially in light of the Court's order.

---

[4] *Von Drake v. Nat'l Broad. Co.*, No. 3-04-CV-0652-R, 2004 WL 1144142 at *1 (N.D.Tex. May 20, 2004) *quoting Spencer Trash Software and Info. Services, LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. Apr. 9, 2002).
[5] *Glazer's Wholesale Drug Co., Inc. v. Klein Foods, Inc.*, No. 3-08-CV-0774-L, 2008 WL 2930482 at *1 (N.D.Tex. July 23, 2008).
[6] *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D.Cal. Oct. 25, 1990).
[7] The Eastern District of Texas has Local Rule CV-26(a), the existence of which implies a weariness in addressing this issue: "(a) No Excuses. Absent a court order to the contrary, a party is not excused from responding to discovery because there are pending motions to dismiss, to remand, or to change venue. Parties asserting the defense of qualified immunity may submit a motion to limit discovery to those materials necessary to decide the issue of qualified immunity."

## II.     Purpose of Stay for AQI Defendants Not Applicable Here.

*Iqbal*,[8] the primary case on which Defendants predicate their arguments, did not confront the circumstance of the present case. It is true that discovery is time- and resource-intensive. It is also often true that, when discovery as to other parties proceeds in a case, it will "prove necessary for [AQI Defendants] and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position," but that is not the case here. First, Hunt County and the AQI Defendants are all represented by the same attorneys. Consequently, the AQI Defendants have conceded that Defendants' interests are aligned such that counsel can simultaneously represent Hunt County *and* the AQI Defendants without having the case "develop in a misleading or slanted way that causes prejudice to" any Defendants' positions. Were discovery to proceed against Hunt County, counsel representing the AQI Defendants would thus be present to participate in the process exactly as they would as if discovery were proceeding against all players.[9] The majority of the cases cited by Defendants in support of cessation of discovery are also dissimilar to this one in that AQI Defendants did not share counsel with an "entity" defendant who was not entitled to qualified immunity and thus had not admitted their interests could be adequately represented by the entity's counsel.

Second, the AQI Defendants are direct fact witnesses in a case in which their employer, Hunt County, is being sued. Whether their qualified immunity claims are successful, *these particular defendants will never be relieved of the burden of involvement in discovery* in this matter because they are *direct fact witnesses* even if they are neither defendants nor individually liable.

---

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009).
[9] By contrast, not only were the *Iqbal* petitioners to the Supreme Court each represented by their own counsel in the trial court, but plaintiffs sued thirty-four individual defendants, "John Does 1-19," and the United States of America. Approximately twenty-five attorneys are listed in the Supreme Court's *Iqbal* opinion; counsel appearing in the trial court would have filled a small law school lecture hall.

In *Iqbal*, former Attorney General of the United States John Ashcroft and Federal Bureau of Investigation (FBI) Director Robert Mueller were the petitioners in the case before the Supreme Court, and it is clear that the Supreme Court recognized that the Attorney General and the FBI Director were not named defendants because they personally observed any portion of Javaid Iqbal's ADMAX SHU confinement: "The defendants range from the correctional officers who had day-to-day contact with respondent during the term of his confinement, to the wardens of the MDC facility, *all the way to petitioners—officials who were at the highest level of the federal law enforcement hierarchy*."[10] (Emphasis added.) The Supreme Court did not, therefore, consider in *Iqbal* the circumstance where a defendant was a fact witness whose involvement in discovery was unlikely to change whether he was a named defendant or not. Surely recognizing this distinction between the *Iqbal* petitioners and the AQI Defendants here, the Court in this case drew a bright, appropriate line in its discovery order: "Except as set forth below, all party discovery is stayed as to any defendant who asserts qualified immunity. Discovery is not stayed as to a defendant asserting qualified immunity as to that person's capacity as a witness to the extent that there is any other defendant not asserting qualified immunity."[11] Plaintiff agrees with the Court's discovery order that this involvement in discovery is as appropriate for the AQI Defendants in this case who are also witnesses as it would be *for any other witness not even a party to the case*.

Proceeding with discovery against Hunt County but not AQI Defendants with matters presently on appeal would mean the AQI Defendants could not, for instance, be served with interrogatories, as that is a discovery burden only a defendant would be required to answer and thus not available if a defendant is immune. But there is no reason the AQI Defendants cannot sit

---

[10] *Iqbal* at 668.
[11] Scheduling Order – Qualified Immunity (Doc. 31) at 1-2.

for the depositions that will be necessary regardless; the facts of which they are aware remain the same, and their counsel, as Hunt County's counsel, will be present for all depositions in any event. Defendants concede that "[a] suit proceeding against the County in this case would likely subject the [AQI] Defendants to much of the same discovery that they would otherwise face in defending claims asserted against them directly, in the absence of a stay, the [AQI] Defendants would lose the full benefit of their immunity from suit, notwithstanding their interlocutory appeal."[12] Defendants' point actually should be well-taken in support of Plaintiff's argument that discovery should proceed, as ordered by the Court, against Hunt County. The AQI Defendants should participate in the suit to the same degree as they would if they were not parties at all and should not be able to delay Plaintiff's discovery efforts utilizing a qualified immunity argument that makes them no less direct fact witnesses to claims on which Plaintiff is presently entitled to proceed. It would be a clear perversion of the *Iqbal* holding to invent more protection from discovery for any defendant asserting qualified immunity who has personal knowledge of the facts of the case than a non-party witness would ever enjoy.

Parenthetically, contrary to Defendants' claims, qualified immunity does not even foreclose all discovery against defendants who claim it. "[Q]ualified immunity does not shield government officials from all discovery but only from discovery which is either avoidable or overly broad." *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Circ. 1987). While Plaintiff seeks discovery only as to Hunt County (which cannot claim qualified immunity or its tangential benefits for itself), when even AQI Defendants would clearly still be subject to any discovery necessary to determine the claims in their motions to dismiss, Defendants' pet theory of an absolute bar to all

---

[12] Defs.' Resp. to Pl.'s Mot. To Abate (Doc. 52) at 4.

discovery, including that as to Hunt County, a defendant never entitled to qualified immunity, until the existing qualified immunity claims are resolved simply cannot be correct.

### III.  No Balance of Equities: Justice Delayed is Justice Denied.

Defendants argue that *Harris*[13] is distinguishable because the case's procedural stance was different from this case, although Plaintiff's arguments are not dependent on either case's procedural posture.  But Defendants also argue that the present case does not share the concern in *Harris* regarding the age of the case.  Defendants are correct that Plaintiff/Appellee filed a motion to expedite the appeal in the court above on March 16, 2021.[14]  The motion was based on the rapid deterioration of Plaintiff's health and the probability that this case, as a Section 1983 case, will progress slowly to trial.  Defendants neglected to mention that the motion has yet to be addressed by the Court of Appeals because at conference, Defendants stated they were not opposed to entry of an expedited briefing schedule, but otherwise intended to file a response to Plaintiff's motion.  Thus, it appears Defendants intend to express some manner of opposition to Plaintiff's motion to expedite and it is not entirely true that "concerns regarding delay pending appeal are not present in this case."[15]

Plaintiff is 62 years old and suffers from COPD and asthma.  While she has previously been able to treat these illnesses with inhalers and breathing treatments, in November 2020, Plaintiff was hospitalized due to breathing complications and is currently on oxygen intermittently.  In August 2020, Plaintiff was diagnosed with uterine cancer and needs a hysterectomy.  There is no guarantee that Plaintiff will be cleared to have the surgery, given her lung issues, and even if she is able to undergo surgery, no one can know that she will survive it, that the cancer will not

---

[13] *Harris v. City of Balch Springs*, 33 F.Supp.3d 730 (N.D.Tex. 2014).
[14] *See* Appendix at 1-14.
[15] Defs.' Resp to Pl.'s Mot. To Abate (Doc. 52) at 5-6.

spread, that she will not suffer surgical complications, or that she will not succumb to her illness despite surgical intervention.

The idea that the parties have all the time in the world to halt these litigation efforts for *only* the AQI Defendants to undergo the appellate process, especially in light of Defendants' acknowledgement of Plaintiff's motion to expedite, borders on the offensive. If the pretrial phase of litigation outlives Plaintiff, she will be denied due process entirely, a very grave harm indeed.

## IV.   Conclusion.

The determination of the applicability of qualified immunity requires a complex legal analysis often turning on precise and narrow questions of fact. While Plaintiff disputes that any Defendant is entitled to qualified immunity, she does not contest the Court's order to carve the AQI Defendants from current discovery efforts as they wend their way through the appellate process.

However, there is no good cause, let alone any necessity, to stay discovery efforts involving Hunt County, and contrary to Defendants' assertions, the law absolutely does not "require" a stay of discovery as to Hunt County under the circumstances which present themselves in this case. Hunt County itself has no claim to qualified immunity and cannot be entitled to same, no matter what claim it makes. The *Iqbal* petitioners considered by the Supreme Court faced very different conditions in their case than do the AQI Defendants in this one: they were represented by entirely separate counsel and they were not otherwise direct fact witnesses to the events of the case, such that their involvement in discovery would have been, as Defendants here concede, the same regardless. The mere existence of Hunt County's motion to dismiss hardly justifies a stay of discovery, let alone an entitlement to one. Finally, the "balance of equities" between a Defendant entity that will go on about its business whether discovery proceeds against it or not, and an

individual Plaintiff who has lost her son and may lose a cancer battle before she can have her day in court to address his tragic and unnecessary death in violation of his constitutional rights, does not favor a full stay. Hunt County should be as answerable to Plaintiff as if it were the only Defendant in this matter and as prepared to proceed with litigation against it. Per Plaintiff's Motion, Plaintiff requests that paragraphs 3, 4, and 5 of the scheduling order be stayed until such time as the AQI Defendants' appeal is addressed in the Fifth Circuit and/or the Supreme Court, and the district court has a subsequent opportunity to revisit the scheduling order. Plaintiff opposes a global stay of all proceedings and respectfully prays the Court deny Defendants' Motion for Protective Order to Quash, and to Stay All Discovery and All Proceedings.

Respectfully submitted:

Law Offices of Dean Malone, P.C.

By: ___/s/ Kristen Leigh Homyk_____
     Kristen Leigh Homyk

Attorney-in-Charge:

T. Dean Malone
Texas State Bar No. 24003265
dean@deanmalone.com
Law Offices of Dean Malone, P.C.
900 Jackson Street, Suite 730
Dallas, Texas 75202
Telephone:   (214) 670-9989
Telefax:        (214) 670-9904

Of Counsel:

Michael T. O'Connor
Texas State Bar No. 24032922
michael.oconnor@deanmalone.com
Kristen Leigh Homyk
Texas State Bar No. 24032433
kristen.homyk@deanmalone.com
Law Offices of Dean Malone, P.C.
900 Jackson Street, Suite 730
Dallas, Texas 75202
Telephone:   (214) 670-9989
Telefax:        (214) 670-9904

Attorneys for Plaintiff

CERTIFICATE OF SERVICE

      I hereby certify that on March 31, 2021, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a notice of electronic filing to the following attorneys:

    Thomas P. Brandt
    John D. Husted
    Caroline Sileo
    Fanning Harper Martinson Brandt & Kutchin, P.C.
    Two Energy Square
    4849 Greenville Avenue, Suite 1300
    Dallas, Texas 75206

    Attorneys for Defendants

                                                                  /s/ Kristen Leigh Homyk
                                                           Kristen Leigh Homyk