# Case No. 21-10171

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**Gwendolyn Carswell, Individually and as Dependent Administrator of and on Behalf of the Estate of Gary Valdez Lynch III and Gary Valdez Lynch III's Heirs at Law,**

**Plaintiff – Appellee**

v.

**George A. Camp; Jana R. Campbell; Helen M. Landers; Kenneth R. Marriott; Kolbee A. Perdue; Teri J. Robinson; Vi N. Wells; Scotty D. York,**

**Defendants - Appellants**

_____

**On Appeal from the United States District Court
For the Northern District of Texas, Dallas Division
3:20-cv-02935-N**

_____

### APPELLEE'S MOTION TO EXPEDITE APPEAL

T. Dean Malone
Texas State Bar No. 24003265
dean@deanmalone.com
Michael T. O'Connor
Texas State Bar No. 24032922
michael.oconnor@deanmalone.com
Kristen Leigh Homyk
Texas State Bar No. 24032433
kristen.homyk@deanmalone.com
Law Offices of Dean Malone, P.C.
900 Jackson Street, Suite 730
Dallas, Texas 75202
Telephone: (214) 670-9989
Telefax: (214) 670-9904

Bruce K. Thomas
Texas State Bar No. 19844300
Law Office of Bruce K. Thomas
12900 Preston Rd, Ste 590
Dallas, Texas 75230
Phone/Fax: (214) 296-9650
bthomas@bthomaslaw.com

Attorneys for Appellee

1

# **CERTIFICATE OF INTERESTED PERSONS**

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| **Defendant-Appellants** | **Counsel** |
|---|---|
| George A. Camp | Thomas P. Brandt |
| Jana R. Campbell | John D. Husted |
| Helen M. Landers | |
| Kenneth R. Marriott | |
| Kolbee A. Perdue | |
| Teri J. Robinson | |
| Vi N. Wells | |
| Scotty D. York | |

| **Plaintiff-Appellee** | **Counsel** |
|---|---|
| Gwendolyn Carswell, Individually and as Dependent Administrator of and on Behalf of the Estate of Gary Valdez Lynch III and Gary Valdez Lynch III's Heirs at Law | T. Dean Malone
Michael T. O'Connor
Kristen Leigh Homyk
Bruce K. Thomas |

| **Other Interested Parties** | **Counsel** |
|---|---|
| Hunt County, Texas | Thomas P. Brandt
John D. Husted |

                         /s/ Bruce K. Thomas
               Counsel of Record for Plaintiff-Appellee

**TO THE HONORABLE UNITED STATES COURT OF APPEALS OF THE FIFTH CIRCUIT:**

## I.     INTRODUCTION

Plaintiff-Appellee ("Plaintiff") respectfully moves, in accordance with Federal Rule of Appellate Procedure 27, Fifth Circuit Rules 27.5 and 47.7(5), and 28 U.S.C. § 1657, to give calendaring priority to and expedite this appeal.

Following Gary Valdez Lynch III's preventable death at the Hunt County Jail in 2019, Plaintiff filed suit against Hunt County and Defendant-Appellants George A. Camp; Jana R. Campbell; Helen M. Landers; Kenneth R. Marriott; Kolbee A. Perdue; Teri J. Robinson; Vi N. Wells; and Scotty D. York ("Individual Defendants") asserting claims pursuant to 42 U.S.C. § 1983. Although Plaintiff's 75-page amended complaint provides ample factual allegations regarding each Individual Defendant's deliberate indifference to Gary's medical needs, Individual Defendants filed a 12(b)(6) motion to dismiss.

In a scheduling order issued January 25, 2021, the district court denied Individual Defendants' pending motion to dismiss without prejudice and set out a schedule and mechanism for resolving Individual Defendants' qualified immunity defense. This included ordering Individual Defendants to file answers asserting qualified immunity; ordering Plaintiff to file Rule 7(a) replies addressing each qualified immunity defense; requiring the parties to confer on whether discovery was necessary to resolve the issue; and requiring Defendants to file a motion for

3

summary judgment. After Individual Defendants filed their answers asserting qualified immunity but before Plaintiff could file her Rule 7(a) replies, Individual Defendants appealed the district court's denial of Individual Defendants' motion to dismiss without prejudice.

Plaintiff-Appellee now requests that the Court expedite this appeal so that it is resolved rapidly. Specifically, Plaintiff seeks resolution by June 23, 2021, which is 120 days following the date of filing Individual Defendants' notice of appeal on February 23, 2021. Plaintiff-Appellee requests that the Court use any and all procedural means at its disposal to rapidly resolve this appeal, including but not limited to: immediate consideration of Appellee's Motion to Dismiss Interlocutory Appeal for Lack of Appellate Jurisdiction without awaiting briefing on the merits; expediting briefing on the merits; denying or limiting briefing extensions; expediting submission; providing calendaring priority; denying or expediting oral argument; and expediting disposition following submission.

## II. ARGUMENT AND AUTHORITIES

### A. Good Cause Exists to Expedite the Appeal

Under Fifth Circuit Rule 27.5, the Court may grant an expedited appeal for "good cause." *See also* Fifth Circuit Rule 47.7(5) (providing for calendaring priority upon showing of good cause); 28 U.S.C. § 1657 (providing for expedited consideration upon showing of good cause). Good cause is shown if a right under

4

the Constitution of the United States or a Federal statute would be maintained in a factual context that indicates that a request for expedited consideration has merit. 28 U.S.C. § 1657(a). Such is the case here where Plaintiff asserts constitutional violations pursuant to 42 U.S.C. § 1983. Specifically, good cause exists to expedite this appeal because (i) Plaintiff's health is deteriorating *quickly* but (ii) the case, like most fact-intensive and well-pled Section 1983 cases, will, notwithstanding Plaintiff's counsel's best efforts, likely progress *slowly*.

      ***i.***    ***The Court should expedite this appeal because Plaintiff's health is deteriorating quickly.***

As set forth in the accompanying Declaration, Plaintiff Gwendolyn Carswell is Gary Valdez Lynch III's mother, and she hopes to live long enough to see justice done for her son's untimely death. Unfortunately, Plaintiff is not in good health and fears that any delays in litigation may mean that she will die before a judgment is rendered.

Plaintiff is 62 years old and has suffered from COPD and asthma for roughly the last five years. Previously, she was able to treat the symptoms of these illnesses with inhalers and breathing treatments. However, in November 2020, Plaintiff was hospitalized due to breathing complications. She is currently on oxygen intermittently. Additionally, in August 2020, Plaintiff was diagnosed with uterine cancer and was hospitalized due to heavy bleeding. Though Plaintiff has high blood pressure, her cardiologist cleared her to have a hysterectomy to remove the

cancerous organ. Plaintiff is awaiting pulmonology results to determine her likely survivability through the 4-hour hysterectomy surgery. There is no guarantee that Plaintiff will be able to have the surgery soon. And even if she is able to undergo the surgery, there is no guarantee that the cancer will not spread, that she will not suffer surgical complications, that she will survive the surgery, or that she will not succumb to her other illnesses soon thereafter.

In *Denning v. Air Logistics, LLC*, the Fifth Circuit granted an expedited emergency appeal from the district court's denial of a preliminary injunction where the plaintiff had stage IV breast cancer. 252 F.3d 436 (5th Cir. 2001) (per curiam). Similarly, the Northern District of California granted an expedited deposition of the plaintiff because the court found good cause to do so where the plaintiff was dying of cancer. *Noble v. Kiewit Pacific Co.*, 2008 WL 413754 (N.D. Cal. 2008). Based on these cases, statutory authority, court rules, and common decency, the Court should find that Plaintiff's rapidly deteriorating health is good cause to expedite this appeal.

      ***ii.    Expedition of this appeal due to Plaintiff's deteriorating health is necessary because the case will likely progress slowly.***

Expediting this appeal due to Plaintiff's deteriorating health is especially important considering the average timeline of a fact-intensive and well-pled Section 1983 case. For many well-pleaded and fact-intensive Section 1983 cases, litigation time is often measured in years. *See* ROGER A. HANSON & HENRY W.K. DALEY, U.S.

**6**

DEP'T OF JUSTICE, CHALLENGING THE CONDITION OF PRISONERS AND JAILS: A REPORT ON SECTION 1983 LITIGATION 19-35 (1994).

This lengthy case timeline is likely brought about at least in part by the mechanisms at play when individual officials claim qualified immunity as a defense. As Judge Willett noted in *Joseph v. Bartlett*, 981 F.3d 319, 330-31 (5th Cir. 2020):

> An official can take multiple immediate appeals because the official can raise qualified immunity at any stage in the litigation—from Rule 12(b)(6) motions to dismiss, to Rule 12(c) motions for judgment on the pleadings, to Rule 56 motions for summary judgment, to Rule 50(b) post-verdict motions for judgment as a matter of law—and continue to raise it at each successive stage.

Additionally, federal courts keep motions pending for longer than 6 months in civil rights cases more than in any other type of case. *See* CRIM. JUST. REFORM ACT REP. (March 2020) (showing that of all cases with motions pending in federal district court for more than 6 months as of March 31, 2020, the cases most often involved civil rights (1,135 motions) and prisoner petitions (813 motions)), https://www.uscourts.gov/statistics-reports/march-2020-civil-justice-reform-act.

Given the lengthy timeline of well-pled and fact-intensive Section 1983 cases such as this one and Plaintiff's legitimate fears that her deteriorating health may mean she will not live through the entirety of the case, this Court should find good cause for expediting this appeal.

### B. Expedited Appeal Will Not Harm Defendant-Appellants

An expedited appeal will not harm Individual Defendants. A timeline of 120 days will still leave adequate time for briefing, consistent with counsel's obligations in other cases. If in fact the Court has jurisdiction to consider this appeal, the issues are limited and can be briefed and reviewed expeditiously. If the Court determines that it does not have jurisdiction, as Appellee contends, then this is even more reason that this appeal can and should be resolved expeditiously. An appeal where there exists no jurisdiction does nothing but create unnecessary delay.

### III. CONCLUSION AND PRAYER

Because Plaintiff's health is deteriorating *quickly* and Section 1983 cases progress *slowly* to trial, Plaintiff fears she may die before she is able to see justice done for her son's death. As noted *supra*, the Court has multiple procedural tools at its disposal to expedite resolution. Counsel is cognizant that the burden of expediting an appeal falls largely on the Court. It accomplishes little to expedite briefing if submission and resolution are significantly delayed. Plaintiff's counsel, however, has personally experienced clients dying before their Section 1983 case can reach judgment. Counsel is obligated to request relief to ensure that this does not occur in this case. Thus, Plaintiff-Appellee respectfully prays that this Court grant Plaintiff's motion to expedite this appeal so that it is resolved by June 23, 2021 (i.e., 120 days following the date of filing Individual Defendants' notice of appeal on February 23,

2021). Alternatively, Plaintiff-Appellee prays that this Court enter such other order as it deems appropriate for the circumstances to expedite resolution of this interlocutory appeal.

        Respectfully submitted,

        /s/ Bruce K. Thomas
Bruce K. Thomas
Texas State Bar No. 19844300
Law Office of Bruce K. Thomas
12900 Preston Rd, Ste 590
Dallas, Texas 75230
Phone/Fax: (214) 296-9650
bthomas@bthomaslaw.com


T. Dean Malone
Texas State Bar No. 24003265
dean@deanmalone.com
Michael T. O'Connor
Texas State Bar No. 24032922
michael.oconnor@deanmalone.com
Kristen Leigh Homyk
Texas State Bar No. 24032433
kristen.homyk@deanmalone.com

Law Offices of Dean Malone, P.C.
900 Jackson Street
Suite 730
Dallas, Texas 75202
Telephone: (214) 670-9989
Telefax: (214) 670-9904
Attorneys for Appellees

## CERTIFICATE OF CONFERENCE

In accordance with 5TH CIR. R. 27.4, the undersigned counsel on March 16, 2021, contacted counsel for Defendants-Appellants concerning this Motion for Expedited Appeal. The Defendants-Appellants state that they are not opposed to entry of an expedited briefing schedule, but otherwise intend to file a response to the motion.

/s/ Bruce K. Thomas
Counsel of Record for Plaintiff-Appellee

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

I certify that (1) this document complies with the type-volume limit of FED. R. APP. P. 27(d)(2)(A) because it contains 1410 words, excluding the parts exempted by rule and (2) this document complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type-style requirements of FED. R. APP. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

/s/ Bruce K. Thomas
Counsel of Record for Plaintiff-Appellee

## **CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on March 16, 2021, and that all counsel of record were served by CM/ECF.

/s/ Bruce K. Thomas
Counsel of Record for Plaintiff-Appellee

Case No. 21-10171

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

**Gwendolyn Carswell, Individually and as Dependent Administrator of and on Behalf of the Estate of Gary Valdez Lynch III and Gary Valdez Lynch III's Heirs at Law,**

Plaintiff – Appellee

v.

**George A. Camp; Jana R. Campbell; Helen M. Landers; Kenneth R. Marriott; Kolbee A. Perdue; Teri J. Robinson; Vi N. Wells; Scotty D. York,**

Defendant - Appellants

───────────────────────────────────────────────

On Appeal from the United States District Court
For the Northern District of Texas, Dallas Division

───────────────────────────────────────────────

## DECLARATION OF GWENDOLYN CARSWELL

T. Dean Malone
Texas State Bar No. 24003265
dean@deanmalone.com
Michael T. O'Connor
Texas State Bar No. 24032922
michael.oconnor@deanmalone.com
Kristen Leigh Homyk
Texas State Bar No. 24032433
kristen.homyk@deanmalone.com
Law Offices of Dean Malone, P.C.
900 Jackson Street
Suite 730
Dallas, Texas 75202
Telephone: (214) 670-9989
Telefax: (214) 670-9904

Bruce K. Thomas
Texas State Bar No. 19844300
Law Office of Bruce K. Thomas
12900 Preston Rd, Ste 590
Dallas, Texas 75230
Phone/Fax: (214) 296-9650
bthomas@bthomaslaw.com

Attorneys for Appellee

12

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

My name is Gwendolyn Carswell and I am 62 years old. I am the mother of Gary Valdez Lynch III. I am not in good health, but through the grace of God hope to live long enough to see a judgment rendered in this litigation.

I suffer from COPD and asthma. I first began treating the symptoms of these illnesses with inhalers and breathing treatments, but I was hospitalized in 2020 due to breathing problems and I am now on oxygen a portion of the day. Last year, I was hospitalized due to heavy bleeding, which resulted in my being diagnosed with uterine cancer. My doctors believe I need a hysterectomy to attempt to remove the cancer, but I have been told that a hysterectomy is a lengthy surgery that will be complicated by my breathing difficulties.

I have high blood pressure, but my cardiologist has approved my having the hysterectomy to remove the cancerous organ. My pulmonologist will soon perform pulmonary testing to decide whether I am a good candidate for surgery given the state of my lungs. At present, there is no guarantee that I will be able to have the surgery, which is currently the best option for treating the cancer. I do not know what treatment will be chosen next if I am told I cannot have a hysterectomy.

Even if I am approved for a hysterectomy and successfully complete it, the surgery will not guarantee that the cancer will not spread to other parts of my body or that I will not suffer complications from the surgery, given my other health

13

conditions. If the cancer spreads to other areas of my body, I may require other cancer treatment with risks exacerbated by my lung concerns, my high blood pressure, and my age.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 12 day of March 2021.

Gwendolyn Carswell

- 3 -

14