IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GWENDOLYN CARSWELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-02935-N |
| | § | |
| HUNT COUNTY, TEXAS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Hunt County's motion for reconsideration [140]. For the foregoing reasons, the Court denies the motion.

### I. ORIGINS OF THE MOTION

This is a jail conditions case. Carswell — Gary Lynch III's mother — filed this suit in response to Lynch's death while in custody at Hunt County Jail. She alleges that Hunt County violated Lynch's constitutional right to medical care. Pl.'s Second Am. Compl. ¶¶ 10–11 [116].

Lynch entered Hunt County Jail on February 12, 2019.[1]  *Id*. ¶ 61. During his detainment, Lynch experienced several signs of declining health that he and other detainees raised concerns about to Hunt County jail personnel. *Id*. ¶¶ 21–24, 33, 39, 45, 52, 76. On February 23, Lynch was found dead in his cell as a result of an aortic valve endocarditis with myocardial abscess, a treatable condition that Lynch would have survived if he had

---

[1] The Court accepts the allegations in Carswell's complaint as true for the purposes of this Order.

MEMORANDUM OPINION AND ORDER – PAGE 1

received appropriate medical intervention.  *Id*. ¶ 60.  The Court has previously recounted the alleged facts in more detail.  *See Carswell v. Hunt County*, 2025 WL 936661 (N.D. Tex. 2025).

The Court partially granted Hunt County's motion to dismiss Carswell's *Monell*, episodic-act-or-omission, and failure-to-train claims, but affirmed that Carswell had sufficiently pled facts to allege a conditions-of-confinement claim.  Mem. Op. 17 [135].  Now, the County seeks reconsideration of the Court's Order denying the motion to dismiss the condition-of-confinement claim.

## II.  RULE 54(B) LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) empowers the Court to reconsider any order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  FED. R. CIV. P. 54(b).  "Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."  *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (internal quotation marks omitted).  Rule 54(b) is flexible and reflects the inherent power of district courts to afford relief from interlocutory orders "as justice requires."  *Id.* at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015)).

In deciding motions for reconsideration, courts consider factors similar to those they consider when deciding motions under Rules 59 and 60, including "considerations such as whether the movant is attempting to rehash its previously made arguments or is attempting

MEMORANDUM OPINION AND ORDER – PAGE 2

to raise an argument for the first time without justification." *See Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009) (collecting cases). These motions for reconsideration "have a narrow purpose and are only appropriate to allow a party to correct manifest errors of law or fact or to present newly discovered evidence." *Choice Hotels Int'l, Inc. v. Goldmark Hosp., LLC*, 2014 WL 642738, at *1 (N.D. Tex. 2014) (citation omitted) (internal quotation marks omitted).

### III. THE COURT DENIES THE MOTION

The County argues that the Court committed manifest errors of law and fact by (1) concluding that Carswell did not need to plead facts establishing deliberation indifference to sustain the conditions-of-confinement claim and (2) by concluding that Carswell had sufficiently alleged causation.  The Court rejects both arguments.

### A. Carswell Plausibly Alleged a Conditions-of-Confinement Claim

First, the Court declines to reconsider its previous determination that Carswell alleged sufficient facts to support the conditions-of-confinement claim.  The County contends that any civil claim against a municipality for the deprivation of rights requires a showing of deliberate indifference.  Def.'s Mot. Br. 2.  More specifically, the County asserts that both a conditions-of-confinement claim and a *Monell* liability claim require a showing of deliberate indifference.  *Id*. at 17–18.  Therefore, the County, argues, because the Court previously concluded that Carswell did not sufficiently plead deliberate indifference to sustain her *Monell* liability claim, the Court should have also dismissed her conditions-of-confinement claim on the same basis.  *Id*.

MEMORANDUM OPINION AND ORDER – PAGE 3

*Monell* and conditions-of-confinement claims are similar.  To state a claim for municipal liability under Monell, a plaintiff must plead facts that plausibly establish three elements: (1) a policymaker; (2) an official custom or policy; and (3) a violation of constitutional rights whose moving force is the policy or custom.  *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).  To state a conditions-of-confinement claim, "a plaintiff must plead facts that plausibly establish '(1) a condition — a rule, a restriction, an identifiable intended condition or practice, or sufficiently extended or pervasive acts or omissions of jail officials — (2) that is not reasonably related to a legitimate government objective and (3) that caused the constitutional violation.'"  *Rangel v. Wellpath, LLC*, 2024 WL 1160913, at *6 (N.D. Tex. 2024) (quoting *Sanchez v. Young County*, 956 F.3d 785, 791 (5th Cir. 2020) (citation modified)).

As the Court previously explained, "the key difference is that a *Monell* claim requires the plaintiff to show that the 'municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision,'" while a conditions-of-confinement claim does not require a showing of deliberate indifference.  Mem. Op. 7 (citing *Rangel*, WL 1160913, at *6 (N.D. Tex., 2024) (quoting *Valle v. City of Houston*, 613 F.3d 536, 542 (5th Cir. 2010))).  The Fifth Circuit has repeatedly affirmed that a showing of deliberate indifference is not required for a conditions-of-confinement claim.  *Sanchez*, 866 F.3d at 274  (holding the "unconstitutional conditions" theory rests on the idea that the County has imposed what amounts to punishment in advance of trial on pretrial detainees, and it requires no showing of specific

MEMORANDUM OPINION AND ORDER – PAGE 4

intent on the part of the County."); *see also Duvall v. Dallas Cnty*, 631 F.3d 203, 207 (5th Cir. 2011) (same); *Shepherd v. Dallas Cnty.*, 591 F.3d 445, 452 (5th Cir. 2009) (same); *Est. of Henson v. Wichita Cnty*, 795 F.3d 456, 463 (5th Cir. 2015) (same); *Cadena v. El Paso Cnty.*, 946 F.3d 717, 727 (5th Cir. 2020) (same); *Alexander v. Philip R. Taft Psy D & Assocs., P.L.L.C.*, 165 F.4th 309, 319 (5th Cir. 2025) (same). This is because the "avowed or presumed intent by the State or its jail officials exists in the form of the challenged condition, practice, rule, or restriction." *Duvall*, F.3d at 207.

Here, the Court concluded that Carswell identified four practices of Hunt County Jail that "amount to a condition leaving detainees with no avenue to access emergency medical care, which cannot be reasonably related to a legitimate governmental objective." Mem. Op. 14. Thus, Carswell properly alleged a conditions-of-confinement claim. The Court concludes that Carswell was not required to plead facts alleging deliberate indifference by Hunt County to maintain the claim.

### B. Carswell Sufficiently Alleged Causation

The Court held that Carswell plausibly alleged that four of Hunt County's practices — failing to provide emergency medical care; failing to monitor detainees; failing to staff the facility adequately; and failing to communicate medical needs between shifts — caused Lynch's death. Mem. Op. 10. The Court concluded that the allegation was plausible "given Carswell's allegation that the illness that caused Gary's death was curable, and there were signs of that illness for days before he died." *Id*.

The County argues that the Court erred because it failed to consider that Lynch's death in the Hunt County jail occurred four days after the facility was evacuated for a gas

MEMORANDUM OPINION AND ORDER – PAGE 5

leak, a "major disruption of the jail's operations." Def.'s Mot. Br. 21. However, the Court previously considered and rejected this argument in the County's original motion to dismiss. Def.'s Mot. Br. 18 [119]. And, as Carswell points out, Lynch and other detainees reported his symptoms to Hunt County jail personnel for several days prior to the gas leak and Lynch's death. Pl.'s Am. Compl. ¶ 44. The gas leak's temporary disruption to the jail's normal practices does not negate Carswell's allegation of causation or make the allegation implausible. The County's argument here is a rehashing of its previously denied argument, and the Court declines to reconsider it. Accordingly, the Court denies the motion to reconsider this conclusion.

The Court also denies the County's request to certify the decision as to the conditions-of-confinement claim for interlocutory appeal. Under section 1292(b), district courts may certify for interlocutory appeal an order involving "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). This Court's order denying Hunt County's motion to dismiss Carswell's conditions-of-confinement claim does not meet this standard because Carswell met the Fifth Circuit's clearly established pleading standard for conditions-of-confinement claims. Finally, while it is true that an appellate reversal of this Court's order denying Hunt County's motion to dismiss the conditions-of-confinement claim would likely terminate the litigation, "Congress reserved interlocutory appeals to a narrow class of questions—a class to which Rule 12(b)(6) decisions do not belong." *Lillie v. Stanford Tr. Co.*, 2015 WL

MEMORANDUM OPINION AND ORDER – PAGE 6

13741932, at *4 (N.D. Tex. 2015).  The Court denies Hunt County's alternative request to certify the decision for interlocutory appeal.

**CONCLUSION**

The Court denies the motion to reconsider and denies certification for interlocutory appeal regarding the conditions-of-confinement claim pleading requirements.

Signed March 9, 2026.

David C. Godbey
Senior United States District Judge

MEMORANDUM OPINION AND ORDER – PAGE 7